E-FILED
Tuesday, 05 May, 2009  04:58:27 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      ) | |
| ) | |
| **Plaintiff,**      ) | |
| v.                                                ) | Case No. 09-CR-20017 |
| ) | |
| **JALAL NIMER ASAD, MOHAMED**  ) | |
| **REBHI QATTOUM, and IMAD RIBHI**  ) | |
| **ABDALLAH,**                              ) | |
| ) | |
| **Defendants.**      ) | |

## OPINION

On April 15, 2009, Defendant Mohamed Rebhi Qattoum filed a Motion for Disclosure of Brady and Giglio Material, Rule 16 Material, and Rule 26.2 Witness Statements (#19), a Motion for Disclosure of Expert Witnesses (#20), a Motion for Hearing or Santiago Proffer (#21), and a Motion to Require Notice of Rule 404(b) Evidence (#22). On May 1, 2009, the Government filed its Responses to the Motions (#31, #32, #33, #34). Following this court's careful consideration of Defendant's Motions and the Government's Response, this court rules as follows: (1) Defendant's Motion (#19) is MOOT; (2) Defendant's Motion (#20) is MOOT; (3) Defendant's Motion (#21) is GRANTED in part and DENIED in part; and (4) Defendant's Motion (#22) is GRANTED.

ANALYSIS

In his Motion for Disclosure of Brady and Giglio Material, Rule 16 Material, and Rule 26.2 Witness Statements (#19), Defendant sought an order from this court requiring the Government to provide the requested information to Defendant. In its Response (#32), the Government stated that it is the intention of the Government to provide Defendant with all the materials required to be disclosed under Rule 16. The Government also stated that it is well aware of its obligations under Brady and Giglio and intends to comply with such obligations. The Government further stated that

it will provide Defendant with disclosure of witnesses' statements 14 or more days prior to trial. Based upon the Government's representation that it will provide Defendant with all of the discovery materials Defendant is entitled to, this court concludes that Defendant's Motion (#19) is MOOT.

In his Motion to Disclose Expert Witnesses (#20), Defendant requested that the Government disclose written summaries of testimony the Government intends to use under Rule 702, 703 or 705 of the Federal Rules of Evidence. Defendant argued that the written summary should include that witnesses' opinions, the basis and reason for those opinions and the witnesses' qualifications. In its Response, the Government agreed that Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires the Government to provide Defendant with a summary of its expert witnesses' qualifications, opinions and bases and reasons for such opinions related to any testimony that the Government intends to introduce pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. The Government stated that it intends to call an expert to make tax calculations but that, at the present time, the identity of the expert has yet to be determined. The Government stated that, as soon as the expert is determined and his/her report is completed, the Government will provide Defendant with all the information that is required to be disclosed by Rule 16(a)(1)(G). The Government stated that, should it decide to call additional experts, the required disclosures will promptly be made to Defendant. Based upon the Government's representation that it will provide all required information regarding any expert witnesses it intends to call at trial, this court concludes that Defendant's Motion (#20) is MOOT.

In its Motion for Santiago Hearing or Proffer (#21), Defendant requested that this court enter an order that, before any coconspirator statements offered by the Government pursuant to Rule 801(d)(2) of the Federal Rules of Evidence be admitted at trial, the Government must establish by a preponderance of the evidence, either at a pretrial hearing or by proffer, the following: (1) a

conspiracy existed at the time the statement was made; (2) the particular defendant against whom the statement is offered was a member of the conspiracy at that time; and (3) the statement was made in furtherance of the conspiracy.  Defendant relied upon United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978).  In its Response (#34), the Government argued that a hearing on this issue is impractical and the preferred way for the Government to make its preliminary showing concerning admissibility of co-conspirator statements is by filing a pretrial written proffer summarizing the Government's evidence.  The Government stated that it will make a pretrial proffer of a summary of its evidence regarding the existence of the conspiracy, and the membership of Defendant and the anticipated co-conspirator declarants in the conspiracy.

In United States v. Andrus, 775 F.2d 825, 836-37 (7th Cir. 1985), the Seventh Circuit indicated that a proffer by the Government is the preferred procedure and that holding a "full blown" hearing is inefficient and potentially duplicative.  This court agrees with the Government that a proffer is the preferred procedure.  This court will therefore follow the procedure set out by the Seventh Circuit in Santiago.  Accordingly, Defendant's Motion (#21) is GRANTED  as to Defendant's request for a Santiago proffer and DENIED as to Defendant's request for a hearing.

In Defendant's Motion to Require Notice of Rule 404(b) Evidence (#22), Defendant requested this court to enter an order requiring the Government to give notice of its intent to use any evidence which it contends is admissible under Rule 404(b) of the Federal Rules of Evidence.  In its Response (#31), the Government stated that it has no objection to the court granting Defendant's request.  The Government then provided notice of the evidence it intends to offer pursuant to Rule 404(b).  Accordingly, Defendant's Motion (#22) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Disclosure of Brady and Giglio Material, Rule 16 Material, and

Rule 26.2 Witness Statements (#19) is MOOT.

(2)  Defendant's Motion to Disclose Expert Witnesses (#20) is MOOT.

(3)  Motion for Santiago Hearing or Proffer (#21) is GRANTED as to Defendant's request for a <u>Santiago</u> proffer and DENIED as to Defendant's request for a hearing.

(4)  Defendant's Motion to Require Notice of Rule 404(b) Evidence (#22) is GRANTED.

(5) This case remains scheduled for a pretrial conference on May 21, 2009, at 1:30 p.m. and for a jury trial on June 1, 2009, at 9:00 a.m.

ENTERED this 5th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE